J-S04035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA :  IN THE SUPERIOR COURT OF
             :     PENNSYLVANIA
             :
      v.       :
             :
             :
JACK MAYER        :
             :
     Appellant   :  No. 1670 EDA 2021

Appeal from the PCRA Order Entered July 21, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001427-2014

BEFORE: BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:    **FILED FEBRUARY 4, 2022**

Jack Mayer appeals pro se from the July 21, 2021 order dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. After careful review, we affirm.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows: On September 17, 2014, a jury found Appellant guilty of six counts each of dealing in proceeds of unlawful activity, theft by deception, and receiving stolen property; two counts of corrupt organizations; and one count each of criminal use of a communication facility and criminal conspiracy.[1] These convictions stem from Appellant's

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 5111(a)(1), 3922(a)(1), 3925(a), 911(b)(3) and (4), 7512(a), and 903(c), respectively.

involvement in an extensive scheme to defraud elderly victims in Chester County, Pennsylvania of their life savings.

On November 21, 2014, the trial court sentenced Appellant to an aggregate term of 15 to 30 years' imprisonment. Appellant filed a notice of appeal that was dismissed by this Court on February 23, 2015 for failure to comply with Pa.R.A.P. 3517.[2] Appellant did not file a petition for allocator with our Supreme Court.

Appellant filed his first pro se PCRA petition on August 12, 2016 and counsel was appointed to represent him. On April 5, 2017, the PCRA court dismissed Appellant's petition as untimely. Appellant did not file a notice of appeal from the PCRA court's order.

Thereafter, on March 15, 2021, Appellant filed the instant pro se PCRA petition, his second. On June 28, 2021, the PCRA court provided Appellant with notice of its intention to dismiss his petition without a hearing, pursuant

_____

[2] Rule 3517 provides as follows:

> Whenever a notice of appeal to the Superior Court is filed, the Prothonotary shall send a docketing statement form which shall be completed and returned within ten (10) days in order that the Court shall be able to more efficiently and expeditiously administer the scheduling of argument and submission of cases on appeal. Failure to file a docketing statement may result in dismissal of the appeal.

Pa.R.A.P. 3517.

- 2 -

to Pa.R.Crim.P. 907(1). Appellant filed a response to the PCRA court's Rule 907 notice on July 19, 2021. Thereafter, on July 21, 2021, the PCRA court dismissed Appellant's petition as untimely. This timely appeal followed on August 13, 2021.[3]

Appellant raises the following issue for our review:

> [1.] Did the PCRA Court error when it dismissed [A]ppellant's second PCRA Petition as untimely, asserting a claim of Newly Discovered Evidence that was not available to Appellant during the time of trial?

Appellant's brief at 3.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record

_____

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). On August 30, 2021, the PCRA court filed a one-page Rule 1925(a) opinion, indicating that it was relying on the reasoning set forth in its June 28, 2021 notice and July 21, 2021 order.

- 3 -

could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

Preliminarily, we must consider the timeliness of Appellant's PCRA petition because it implicates the authority of this court to grant any relief. **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). All PCRA petitions, including second and subsequent petitions, must be filed within one year of when an Appellant's judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the record reveals that Appellant's judgment of sentence became final on March 25, 2015, 30 days after this Court dismissed his appeal for failure to comply with Pa.R.A.P. 3517 and the time for filing a petition for **allocator** with our Supreme Court expired. **See id.** Accordingly, Appellant had until March 25, 2016 to file a timely PCRA petition. **See id.** at § 9545(b)(1). Appellant's instant petition was filed on March 15, 2021, nearly 5 years late, and is patently untimely, unless he can plead and prove that one of the three statutory exceptions to the one-year jurisdictional time-bar applies.

The three statutory exceptions to the PCRA time-bar are as follows:

> (i)     the failure to raise the claim previously was the
>          result of interference by government officials

> with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Appellant invokes the "newly-discovered facts" exception to the PCRA time-bar based upon his alleged discovery in October 2020 of a bank statement that references $100 million dollars in bonds that were to be used as collateral for a $45 million dollar line-of-credit to his bank account. Appellant's brief at 11. Appellant argues that had this statement been available to him at the time of his 2014 jury trial, the outcome of the trial would have been different because it would have established that Appellant had no motive to conduct or engage in financial criminal activity. *Id.* We disagree.

As noted, in order to prevail on a "newly-discovered facts" claim, Appellant is required to demonstrate "that the facts upon which the claim was predicated were unknown and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa.

2007) (emphasis and numeration omitted), citing 42 Pa.C.S.A. § 9545(b)(1)(ii).

Here, we find that Appellant has failed to prove that the "fact" that $100 million dollars in bonds were to be used as collateral for the $45 million dollar line-of-credit to his bank account was unknown to him prior to October 2020. The record reveals that Appellant had knowledge of the fact that the $45 million dollar line of credit existed as early as 2010, four years before his jury trial, and could have used this information at trial to attempt to establish lack of motive.

By his own admission, the line of credit in question was negotiated in May/June 2010 and Appellant was utilizing the bank account that was secured by the bonds during this time and was "proceeding for a $45,000,000 dollar line of credit for an energy project." Appellant's brief at 8-9, 11; **see also** PCRA Petition, 3/15/21 at § 5. Appellant further acknowledged that in August 2010, he "lost his line of credit, his commission of $10,000,000, and all documents related to this transaction." **Id.**

As the PCRA court recognized in its July 21, 2021 order, Appellant had the opportunity to inform his attorney about the line of credit at this time, who may have been able to subpoena any pertinent documents relating to this line of credit and could have called witnesses from Citibank to testify about these documents. **See** PCRA court order, 7/21/21 at 1-2, n.1.

Appellant's feeble attempt to claim this fact as "unknown" because he was not in possession of the physical bank statement at the time of his trial must fail. It is well settled in this Commonwealth that the focus of the newly discovered fact exception is on "newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Reid***, 235 A.3d 1124, 1153 (Pa. 2020) (citation omitted).

Based on the foregoing, Appellant has clearly failed to demonstrate that his untimely petition satisfies the newly discovered fact exception to the statutory one year time-bar. Accordingly, we discern no error on the part of the PCRA court in dismissing Appellant's second PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/4/2022